UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANA GRAY SAUCEDA,<br><br>    Plaintiff,<br><br>    v.<br><br>BNSF RAILWAY COMPANY,<br><br>    Defendant. | Case No. 1:18-cv-01540-LJO-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO PROSECUTE<br><br>(ECF No. 12)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

    Plaintiff, Dana Gray Sauceda, who was represented by counsel when she initiated this case (ECF No. 1), is now proceeding *pro se* (ECF Nos. 6, 7). For the reasons discussed below, the Court recommends that the case be dismissed without prejudice for failure to obey court orders and failure to prosecute.

    This action was initiated in state court by Plaintiff, and co-plaintiff David Gonzalez. (ECF No. 1.) Both Plaintiff and co-plaintiff Gonzalez were represented by counsel. (*Id.*) On November 8, 2018, the Court entered its Scheduling Conference Order, setting the initial scheduling conference for January 31, 2019, at 10:30 a.m. (ECF No. 2.) In the order setting the initial scheduling conference, the Court instructed the parties that attendance at the scheduling conference was mandatory. (ECF No. 2 at 2 ("Attendance at the Scheduling Conference is

1

*mandatory* for all parties. Parties may appear by their counsel, if represented. If a party is not represented by counsel, they must appear personally at the Scheduling Conference.").) The parties were also advised: "Should counsel or a party appearing *pro se* fail to appear at the Mandatory Scheduling Conference . . . contempt sanctions, including monetary sanctions, dismissal, default, or other appropriate judgment, may be imposed and/or ordered." (ECF No. 2 at 7.) Plaintiff was also provided instructions on how to attend the scheduling conference. (ECF No. 2 at 1, 2.)

On December 19, 2018, Plaintiff filed a proposed consent order granting substitution of attorney. (ECF No. 6.) The proposed consent order requested that Plaintiff's counsel be allowed to withdraw and that Plaintiff be allowed to proceed *pro se.* (ECF No. 6.) The proposed consent order was signed by both Plaintiff and her counsel. (*Id.*) On December 20, 2018, the Court entered an order approving the withdrawal of Plaintiff's counsel and allowing Plaintiff to proceed *pro se.* (ECF No. 7.) Plaintiff's former counsel continued to represent co-plaintiff, Gonzalez.

On January 17, 2019, co-plaintiff Gonzalez and Defendant filed a stipulation for dismissal of the action only as to the claims by co-plaintiff Gonzalez against Defendant. (ECF No. 8.) Pursuant to that stipulation, the case ended and was dismissed with prejudice only as to the claims of co-plaintiff Gonzalez against Defendant. (ECF No. 9.) This dismissal did not affect Plaintiff Sauceda's claims, and accordingly the case is proceeding as to Plaintiff's claims against Defendant.

At the time set for the scheduling conference, January 31, 2019, at 10:30 a.m. (ECF No. 2), Defendant appeared telephonically through counsel, Cori Michael Day. Plaintiff, however, failed to appear. (ECF No. 11.) The Court therefore issued an order directing Plaintiff to file a written response, no later than February 28, 2019, that (1) shows cause why sanctions, up to and including dismissal of this action, should not be issued for Plaintiff's failure to comply with this Court's orders and failure to prosecute; (2) indicates whether Plaintiff intends to participate in this action; and (3) explains Plaintiff's failure to appear at the January 31, 2019, initial scheduling conference. (ECF No. 12.) The Court also cautioned Plaintiff of the consequences

of failing to comply with the Court's order to show cause: "**Plaintiff is cautioned that failure to respond to this Order as set forth above may result in the dismissal of her case.**" (ECF No. 12 at 2.)

The deadline for Plaintiff to file her response to the Court's January 31, 2019, order to show cause has passed, and Plaintiff has not filed a response to or otherwise complied with or responded to that order.

A court may involuntarily dismiss a case where "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order. . . ." Fed. R. Civ. P. 41(b); *see Hells Canyon Preservation Council v. U. S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (a court may *sua sponte* involuntary dismiss a case under Rule 41(b) for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the court's orders). "In determining whether to dismiss an action for lack of prosecution, the district court is required to weigh several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010*); In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors are "not a series of conditions precedent before the judge can do anything," but a "way for a district judge to think about what to do." *In re PPA*, 460 F.3d at 1226 (citation omitted).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (quotation marks omitted). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest. . . ." *Pagtalunan*, 291 F.3d at 642. Here, Plaintiff's failure to respond to and comply with the Court's orders, and to prosecute this case, leaves the Court no other reasonable alternative in managing this docket. *See In re PPA*, 460 F.3d at 1228-29; *Carey*, 856 F.2d at

1441. This factor accordingly weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Patagalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Id.* at 643. Plaintiff's failure to respond to or comply with the Court's orders, including the failure to appear at a mandatory hearing, has and will continue to cause a delay in this proceeding. Therefore, this third factor weighs in favor of dismissal.

As to the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's failure to communicate with the Court, and failure to respond to and comply with the Court's previous orders. Further, given the stage of these proceedings, the preclusion of evidence or witnesses is not available.

Finally, because public policy favors disposition on the merits, this final factor weighs against dismissal. *Id.*

After weighing the factors, the Court finds that dismissal is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This action be dismissed without prejudice because of Plaintiff's failure to obey the Court's orders and prosecute this case; and
2. The Clerk of Court be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within twenty-one (21) days of the date these Findings and Recommendations are entered, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\
\\\
\\\

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 5, 2019**                              /s/ Erica P. Grosjean
                                                        UNITED STATES MAGISTRATE JUDGE